USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AYSE IYIGUNDOGDU,

Plaintiff,

-against-

PAYWARD, INC. d/b/a KRAKEN DIIGTAL ASSET EXCHANGE,

Defendant.

25-CV-09282 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

This is an employment discrimination case. Plaintiff is Ayse Iyigundogdu. Defendant is her former employer Payward, Inc. d/b/a Kraken Digital Asset Exchange. Before the Court is Defendant's motion to dismiss and Plaintiff's motion for a conference to adopt a discovery plan. Dkt. Nos. 8 & 16. For the reasons set forth below, both motions are DENIED.

**BACKGROUND**[1]

Plaintiff is a woman who joined Defendant in 2018 as a salesperson to "build sales and manage relationships." Dkt. No. 1 ("Compl.") ¶¶ 24, 26. After years of positive reviews, things changed in April 2023 when Tim Ogilvie became Plaintiff's manager. *Id.* ¶¶ 29–30. Ogilvie systematically stripped Plaintiff's responsibilities and assigned them to less qualified male colleagues. *Id.* ¶ 41. For example, after Plaintiff spent years pitching a product called "Custody" to Defendant's senior executives and then building a sales pipeline for Custody, Ogilvie transferred Custody-related responsibilities to a male co-worker who lacked a background in

[1] All factual allegations are taken from the Complaint and presumed true for purposes of the motion to dismiss.

sales. *Id.* ¶¶ 45–46. Ogilvie transferred some of Plaintiff's other responsibilities to a different male colleague "who did not have the same track record of success" as Plaintiff. *Id.* ¶ 51.

Plaintiff also alleges Defendant discriminated against her for seeking fertility treatments and then becoming pregnant. *See id.* ¶¶ 60–71. Shortly after beginning fertility treatments, she received a negative performance review "littered . . . with patently false and unjustifiably critical assessment of her performance." *Id.* ¶ 60. Plaintiff informed Defendant of her pregnancy in May 2024. *Id.* ¶ 68. Defendant terminated her employment in July 2024. *Id.* ¶ 69.

Last, Plaintiff alleges that Defendant paid her significantly less than similarly situated male colleagues and failed to pay her earned commissions. *Id.* ¶¶ 72, 75. Defendant hired a junior, male salesperson under Plaintiff in 2024 at a base salary exceeding Plaintiff's and only then increased her salary, although "she had significantly more experience, client relationships, and demonstrated contributions to the Company." *Id.* ¶ 72. That salesperson took over Plaintiff's role after her firing and, "[o]n information and belief," his "compensation is greater than Plaintiff's [when] she held the same title." *Id.* ¶ 73. She also alleges that "many men in positions of similar seniority to Plaintiff with similar or less experience and tenure than Plaintiff earned $50,000 or more than her in salary." *Id.* ¶ 74. She proceeds to name two male colleagues and specifically alleges that one was "at the same level as Plaintiff and performed similar work" while earning substantially more. *Id.* In addition, Plaintiff alleges Defendant "infrequently paid or stopped paying altogether Plaintiff's commissions" after Ogilvie became her supervisor, in violation of Defendant's own commission policy. *Id.* ¶ 75.

Plaintiff filed this lawsuit on November 6, 2025. Dkt. No. 1. Her complaint alleges sex- and pregnancy-based discrimination in violation of the New York City Human Rights Law ("NYCHRL"), New York State Human Rights Law ("NYSHRL"), and Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e-2, disability discrimination under the NYSHRL and NYCHRL, familial status discrimination under the NYSHRL, and failure to pay wages in violation of New York Labor Law ("NYLL") Article 6, § 193. *Id.* at 17–20. Defendant responded by moving to dismiss for failure to state a claim. Dkt. No. 8.

## DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must assume all well-pled facts to be true and draw all reasonable inferences in a plaintiff's favor. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

Defendant argues Plaintiff has not sufficiently pled an inference of discrimination because (1) she has not identified similarly situated comparators; and (2) there was a six-month gap between Plaintiff notifying Ogilvie she intended to seek IVF and her termination. *See* Dkt. No. 8-1 ("Mot") at 9–14.[2] The Court disagrees.

First, Plaintiff has identified specific comparators in support of her discriminatory pay theory at the pleading stage. *See, e.g.*, Compl. ¶ 74. Indeed, she even names two of her comparators. *Id.* Regardless, Plaintiff need not identify a specific comparator given her allegations that Defendant generally paid men more than women for reasons unrelated to merit. *Id.* ¶¶ 72–81; *see Lenzi v. Systemax, Inc.*, 944 F.3d 97, 110–12 (2d Cir. 2019) (clarifying that comparators are not required for a plaintiff to succeed on a discriminatory pay theory). Second, Defendant's temporal gap argument ignores that Plaintiff received a negative performance review shortly after beginning fertility treatments and lost her employment two months after announcing her pregnancy. Compl. ¶¶ 60, 68–69.

---

[2] Neither argument squarely addresses Plaintiff's responsibility-stripping discrimination theory.

Next, Defendant argues the Court should dismiss Plaintiff's claim for punitive damages. Mot. at 17. This is similarly without merit at this stage of the case. "[P]unitive damages are not a separate cause of action and, thus, courts generally find motions to strike punitive damages at the motion to dismiss stage to be premature." *Bernardi v. N.Y. State Dep't of Corr.*, No. 19-CV-11867 (KMK), 2021 WL 1999159, at *14 (S.D.N.Y. May 19, 2021).

Last, Defendant argues Plaintiff's NYLL claim must fail because Plaintiff has not alleged breach of contract, the statute of frauds applies, and the payments she seeks are not "wages" under the NYLL. Mot. at 18–21. Protracted discussion on these arguments is unnecessary. First, a NYLL claim does not require a separate count alleging breach of contract and Plaintiff has alleged a contractual entitlement to a commission. Second, Defendant could have paid the commission and other payments within a year, so the statute of frauds does not apply. Third, commissions are "wages" under the NYLL. *Pachter v. Bernard Hodes Grp., Inc.*, 10 N.Y.3d 609, 616–17 (N.Y. 2008). Defendant also argues Plaintiff cannot seek commissions under the NYLL that she would have earned post termination. Mot. at 22. That may be true, but those amounts would be recoverable as damages under the discrimination laws. *See, e.g.*, *Olaechea v. City of New York*, No. 17-CV-04797 (RA), 2022 WL 3211424, at *8 (S.D.N.Y. Aug. 9, 2022).

## CONCLUSION

Defendant's motion to dismiss (Dkt. No. 8) is DENIED. Defendant is ORDERED to answer the complaint by **October 8, 2026**. The Court will enter a separate Order referring the parties to mediation, consistent with this District's standing order on counseled employment discrimination cases, *see* Third Amended Standing Administrative Order M10-468, 11-MC-003 (S.D.N.Y. Sept. 2, 2025), available at https://nysd.uscourts.gov/forms/standing-order-employment-cases. The parties shall participate in the mediation in good faith and submit a joint

status letter to the Court within seven (7) days of the mediation conference. Plaintiff's motion for a conference to adopt a discovery plan (Dkt. No. 16) is DENIED without prejudice. If mediation is not successful in achieving a settlement, the Court will promptly schedule a conference to set a case management plan.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 8 and 16.

Dated: September 17, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge